IN THE OREGON TAX COURT
REGULAR DIVISION
Income Tax

| | |
|---|---|
| EFION E. OKON and HELEN J. EKPO, ) | |
| ) | |
| Plaintiffs, ) | **TC 5454** |
| v. ) | |
| ) | |
| DEPARTMENT OF REVENUE, ) | |
| State of Oregon, ) | **ORDER ON PLAINTIFFS' MOTION** |
| ) | **FOR STAY OF PAYMENT OF INCOME** |
| Defendant. ) | **TAX** |

This matter again comes before the court on Plaintiffs' allegation that immediate payment

of the amounts assessed would constitute an undue hardship under ORS 305.419(3). Plaintiffs,

not represented by counsel, filed their complaint in this division on May 8, 2023, without paying

the assessment and without moving for a stay or filing the affidavit allowed under

ORS 305.419(3). On May 24, 2023, Defendant moved to dismiss. On May 25, 2023, the court

issued its Order on Defendant's Motion to Dismiss; Notice to Plaintiffs of Lack of Affidavit

Alleging Hardship, informing Plaintiffs of their right to move for a stay, supported by an

affidavit, and directing them to so move or to otherwise respond to Defendant's motion within 30

days.

On June 20, 2023, Plaintiffs filed a Motion for Stay of Payment of Income Tax,

accompanied by a completed and notarized affidavit on the form available on the court's

website. The form asks an affiant to disclose income and expense data and includes a line item

for "Rent/Mortgage," but the form does not specifically ask about tax liens. Defendant objected on July 18, 2023, asserting that the data in Plaintiffs' affidavit indicated an ability to pay the assessment, without undue hardship, by obtaining a loan secured by their equity in their home. The objection states that, apart from their mortgage, Plaintiffs "do not list any other liens against their home." Neither Defendant's objection nor the supporting auditor declaration otherwise indicated whether any federal or Oregon tax liens applied against Plaintiffs. The declaration did state that Plaintiffs are on a payment plan with Defendant for their tax liabilities for tax years not at issue in this case.

In an order dated July 20, 2023, the court directed Plaintiffs to submit additional documents and a narrative statement, under penalty of perjury, to address whether they are able to borrow the funds to pay the assessed amounts in this case without undue hardship. In response, Plaintiffs submitted a one-page letter on August 15, 2023, without any supporting documents, and not under penalty of perjury. The August 15 letter did, however, state: "[W]e are unable to get the loan or a second mortgage against our property due to existing lien on the property by the IRS as well as Oregon Department of Revenue (ODR)."

The court convened a case management conference to clarify the quoted statement, informing the parties that the court "may require Plaintiffs to testify under oath and/or submit additional information as to their efforts to borrow the funds needed to pay the assessment." (Court's email to parties, Sept 21, 2023.) At the case management conference, held October 10, 2023, Plaintiff Okon described the Oregon and federal liens and said that they have adversely affected his credit rating. Defendant's counsel acknowledged the existence of an Oregon lien but stated that it had been released in mid-September 2023. The court did not put Okon under oath. Defendant requested further proof of the amount of the federal lien, including

the total amount, proof of monthly payments, and proof of Okon's statement at the conference that the monthly payment on the federal lien would substantially increase in amount in early 2024. The court directed Plaintiffs to submit the requested information to Defendant and to the court within one week. The court also directed Defendant to submit proof of the release of the Oregon lien.

On October 16, 2023, Plaintiffs submitted documents addressing each of the points requested by Defendant and directed by the court. In addition, Plaintiffs submitted copies of two documents entitled "Notice of Lien Release" dated September 14, 2023, each with a unique lien number indicating that the lien had been recorded in Washington County on March 30, 2018, and released on September 14, 2023. Defendant has not submitted a filing regarding release of the Oregon lien or liens.

The court makes the following procedural observations. First, the court recognizes that its form of affidavit should be modified to specifically address any liens against a taxpayer or against property of a taxpayer. Second, Defendant should take the existence of any type of lien into account before objecting on the grounds of a taxpayer's ability to borrow funds to pay the assessment. Third, taxpayers are well served to closely follow the court's instructions. Parties in future cases should expect the court to make greater use of its ability to convene a hearing under Tax Court Rule 18 C(3)(b), which may include the taking of sworn testimony and the authentication of exhibits.

In light of Plaintiff's submission of documents on October 16, 2023, the court directs Defendant to inform the court on or before October 27, 2023, whether Defendant continues to object to Plaintiffs' Motion for Stay of Payment of Income Tax. Now, therefore,

IT IS ORDERED that Defendant inform the court on or before October 27, 2023, whether Defendant continues to object to Plaintiffs' Motion for Stay of Payment of Income Tax.

IT IS FURTHER ORDERED that the court's order of July 20, 2023, is superseded by this order.

Dated this 19th day of October 2023.

10/19/2023 2:27:51 PM

Judge Robert T. Manicke